Douglas A. Linde, State Bar No. 217584 (dal@lindelaw.net)
Chant Yedalian, State Bar No. 222325 (cy@lindelaw.net)
Erica L. Allen, State Bar No. 234922 (ela@lindelaw.net)
THE LINDE LAW FIRM
9000 Sunset Blvd., Suite 1025
Los Angeles, CA 90069
(310) 203-9333
(310) 203-9233 FAX

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONJA KLIMP, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>STUART WEITZMAN RETAIL STORES, LLC.; STUART WEITZMAN SAN FRANCISCO, LLC, and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. C 07 5076<br><br>COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF<br>**CLASS ACTION**<br><br>[15 U.S.C. §§ 1681 et seq.]<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, by her attorneys, brings this action on her own behalf and on behalf of all others similarly situated, and alleges the following upon personal knowledge, or where there is not personal knowledge, upon information and belief:

## INTRODUCTION

1. In 2003, Congress passed and the President signed, the Fair and Accurate Transactions Act ("FACTA") to assist in the prevention of identity theft and credit and debit card fraud. In the statement provided by the President during the signing of the bill, the President declared that:

1

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF;
AND DEMAND FOR JURY TRIAL

"This bill also confronts the problem of identity theft. A growing number of Americans are victimized by criminals who assume their identities and cause havoc in their financial affairs. With this legislation, the Federal Government is protecting our citizens by taking the offensive against identity theft."

2. A main provision of FACTA (codified as 15 U.S.C. §1681c(g) of the Fair Credit Reporting Act), provides that:

"**No person** that accepts credit cards or debit cards for the transaction of business **shall print more than the last 5 digits of the card number <u>or</u> the expiration date upon any receipt provided to the cardholder** at the point of the sale or transaction."

3. The law gave merchants who accept credit and/or debit cards up to three years to comply with its requirements, requiring full compliance with its provisions no later than December 4, 2006. Although Defendants STUART WEITZMAN RETAIL STORES, LLC; STUART WEITZMAN SAN FRANCISCO, LLC, and the other Defendants named herein had up to three years to comply, Defendants have willfully violated this law and failed to protect Plaintiff and others similarly situated against identity theft and credit and debit card fraud by continuing to print more than the last five digits of the card number and or the expiration date on receipts provided to debit card and credit card cardholders transacting business with Defendants.

4. Plaintiff on behalf of herself and all others similarly situated brings this action against STUART WEITZMAN RETAIL STORES, LLC; STUART WEITZMAN SAN FRANCISCO, LLC and DOES 1 through 10 (hereinafter collectively referred to as "Defendants") based on Defendants' violations of 15 U.S.C. §§ 1681 et seq.

2

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF;
AND DEMAND FOR JURY TRIAL

5.  Plaintiff seeks, on behalf of herself and the class, statutory damages, punitive damages, costs and attorneys fees, all of which are expressly made available by statute, 15 U.S.C. §§ 1681 et seq., and a permanent injunction enjoining Defendants from continuing their unlawful practice of violating FACTA's provisions intended to safeguard against identity theft and credit and debit card fraud.

## JURISDICTION AND VENUE

6.  This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1681p.

7.  Plaintiff's claims asserted herein arose in this judicial district and all Defendants do business in this judicial district.

8.  Venue in this judicial district is proper under 28 U.S.C. § 1391(b) and (c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

9.  Plaintiff, SONJA KLIMP at all times relevant hereto was a resident of the State of California and the County of San Francisco.

10. Defendant STUART WEITZMAN RETAIL STORES, LLC ("STUART WEITZMAN") is a limited liability company organized and existing under the laws of the State of Delaware, with its principal executive offices in Fort Lauderdale, Florida. STUART WEITZMAN operates a chain of 24 stores within the United States, including the STUART WEITZMAN store Plaintiff visited at 112 Grant Avenue, San Francisco, California. STUART WEITZMAN has various stores outside the United States, including stores in China, France,

3

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF;
AND DEMAND FOR JURY TRIAL

Indonesia, Israel, Italy, Malaysia, Mexico, Monaco, Singapore and Switzerland. The STUART WEITZMAN stores offer merchandise for sale to the general public, including women's shoes and handbags.

11. Defendant STUART WEITZMAN SAN FRANCISCO, LLC, is a subsidiary of STUART WEITZMAN that operates the STUART WEITZMAN store Plaintiff visited at 112 Grant Avenue, San Francisco, California

12. At all times mentioned in this Complaint, Defendants and each of them were the agents, employees, joint venturer, and or partners of each other and were acting within the course and scope of such agency, employment, joint venturer and or partnership relationship and or each of the Defendants ratified and or authorized the conduct of each of the other Defendants.

13. Plaintiff does not know the true names and capacities of defendants sued herein as DOES 1 through 10, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff is informed and believes that each of the DOE defendants was in some manner legally responsible for the wrongful and unlawful conduct and harm alleged herein. Plaintiff will amend this Complaint to set forth the true names and capacities of these defendants when they have been ascertained, along with appropriate charging allegations.

## CLASS ACTION ALLEGATIONS

14. Plaintiff brings this class action on behalf of herself and all other persons similarly situated pursuant to Rules 23(a) and 23(b)(1)-23(b)(3) of the Federal Rules of Civil Procedure.

15. The class which Plaintiff seeks to represent is defined as:

All persons in the United States to whom, on or after December 4, 2006, Defendants provided an electronically printed receipt at the

point of a sale or transaction on which Defendants printed more than the last five digits of the person's credit card or debit card number and/or printed the expiration date of the person's credit or debit card. (the "PLAINTIFF CLASS").

16. Excluded from the PLAINTIFF CLASS are Defendants and their directors, officers and employees.

17. <u>Numerosity</u> (Fed. R. Civ. P. 23(a)(1)): The PLAINTIFF CLASS is so numerous that joinder of all individual members in one action would be impracticable. The disposition of their claims through this class action will benefit both the parties and this Court.

18. Plaintiff is informed and believes and thereon alleges that there are, at a minimum, thousands (i.e. two thousand or more) of members that comprise the PLAINTIFF CLASS.

19. The exact size of the PLAINTIFF CLASS and identities of individual members thereof are ascertainable through Defendants' records, including but not limited to Defendants' sales and transaction records.

20. Members of the PLAINTIFF CLASS may be notified of the pendency of this action by techniques and forms commonly used in class actions, such as by published notice, e-mail notice, website notice, first class mail, or combinations thereof, or by other methods suitable to this class and deemed necessary and/or appropriate by the Court.

21. <u>Typicality</u> (Fed. R. Civ. P. 23(a)(3)): Plaintiff's claims are typical of the claims of the entire PLAINTIFF CLASS. The claims of Plaintiff and members of the PLAINTIFF CLASS are based on the same legal theories and arise from the same unlawful conduct.

22. Plaintiff and members of the PLAINTIFF CLASS were each

5

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF;
AND DEMAND FOR JURY TRIAL

customers of Defendants, each having made a purchase or transacted other business with Defendants on or after December 4, 2006 using a credit and or debit card. At the point of such sale or transaction with Plaintiff and members of the PLAINTIFF CLASS, Defendants provided to Plaintiff and each member of the PLAINTIFF CLASS a receipt in violation of 15 U.S.C. §1681c(g) (i.e., a receipt on which is printed the card expiration date and/or more than the last five digits of the credit or debit card number).

23.    <u>Common Questions of Fact and Law</u> (Fed. R. Civ. P. 23(a)(2) and (b)(3)): There are a well-defined community of interest and common questions of fact and law affecting the members of the PLAINTIFF CLASS.

24.    The questions of fact and law common to the PLAINTIFF CLASS predominate over questions which may affect individual members and include the following:

(a)    Whether Defendants' conduct of providing Plaintiff and the PLAINTIFF CLASS with sales or transaction receipts whereon Defendants printed more than the last five digits of the credit card or debit card number and/or the expiration date of the credit or debit card violated the FACTA, 15 U.S.C. §§ 1681 et seq.;

(b)    Whether Defendants' conduct was willful;

(c)    Whether Plaintiff and the PLAINTIFF CLASS are entitled to statutory damages, punitive damages, costs and or attorneys' fees for Defendants' acts and conduct;

(d)    Whether Plaintiff and the PLAINTIFF CLASS are entitled to a permanent injunction enjoining Defendants from continuing to engage in their conduct.

25.    <u>Adequacy of Representation</u> (Fed. R. Civ. P. 23(a)(4)): Plaintiff is

an adequate representative of the PLAINTIFF CLASS because her interests do not conflict with the interests of the PLAINTIFF CLASS which Plaintiff seeks to represent. Plaintiff will fairly, adequately, and vigorously represent and protect the interests of the PLAINTIFF CLASS and has no interests antagonistic to the PLAINTIFF CLASS. Plaintiff has retained counsel who are competent and experienced in the prosecution of class action litigation.

26. <u>Superiority</u> (Fed. R. Civ. P. 23(b)(1) and 23(b)(3)): A class action is superior to other available means for the fair and efficient adjudication of the claims of the PLAINTIFF CLASS. While the aggregate damages which may be and if awarded to the PLAINTIFF CLASS are likely to be in the millions of dollars, the actual damages suffered by individual members of the PLAINTIFF CLASS are relatively small. As a result, the expense and burden of individual litigation makes it economically infeasible and procedurally impracticable for each member of the PLAINTIFF CLASS to individually seek redress for the wrongs done to them. Plaintiff does not know of any other litigation concerning this controversy already commenced by or against any member of the PLAINTIFF CLASS. The likelihood of individual PLAINTIFF CLASS members prosecuting separate claims is remote. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would increase the delay and expense to all parties and the court system resulting from multiple trials of the same factual issues. In contrast, the conduct of this matter as a class action presents fewer management difficulties, conserves the resources of the parties and the court system, and would protect the rights of each member of the PLAINTIFF CLASS. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF;
AND DEMAND FOR JURY TRIAL

1  27.  <u>Injunctive Relief</u> (Fed. R. Civ. P. 23(b)(2)): Defendants have acted on grounds generally applicable to the PLAINTIFF CLASS, thereby making appropriate final injunctive relief with respect to the PLAINTIFF CLASS as a whole.

### FIRST CAUSE OF ACTION
### For Violation of 15 U.S.C. §§ 1681 et seq.
### (On Behalf of Plaintiff and the PLAINTIFF CLASS
### as against all Defendants including DOES 1 through 10)

28.  Plaintiff hereby incorporates by reference the allegations contained in this Complaint.

29.  Plaintiff asserts this claim on behalf of herself and the PLAINTIFF CLASS against Defendants and each of them.

30.  Title 15 U.S.C. §1681 c(g)(1) provides that:

> "**No person** that accepts credit cards or debit cards for the transaction of business **shall print more than the last 5 digits of the card number <u>or</u> the expiration date upon any receipt provided to the cardholder** at the point of the sale or transaction."

31.  By its express terms, 15 U.S.C. §1681 c(g)(1) applies to "any cash register or other machine or device that electronically prints receipts for credit card or debit card transactions" on or after December 4, 2006 (15 U.S.C. §1681 c(g)(3)).

32.  Defendants transact business in the United States and accept credit cards and or debit cards in the course of transacting business with persons such as Plaintiff and members of the PLAINTIFF CLASS. In transacting such

business, Defendants use cash registers and or other machines or devices that electronically print receipts for credit card or debit card transactions.

33. On and or after December 4, 2006, Defendants, at the point of a sale or transaction with Plaintiff, provided Plaintiff with one or more electronically printed receipts on each of which Defendants printed more than the last five digits of Plaintiff's credit card or debit card number and/or the expiration date of Plaintiff's credit or debit card.

34. On and or after December 4, 2006, Defendants, at the point of a sale or transaction with members of the PLAINTIFF CLASS, provided each member of the PLAINTIFF CLASS with one or more electronically printed receipts on each of which Defendants printed, for each respective PLAINTIFF CLASS member, more than the last five digits of such member's credit or debit card number and/or the expiration date of such member's credit or debit card.

35. As set forth above, FACTA was enacted in 2003 and gave merchants who accept credit and/or debit cards up to three years to comply with its requirements, requiring full compliance with its provisions no later than December 4, 2006.

36. Defendants and each of them knew of and were informed about the law, including specifically FACTA's requirements concerning the truncation of credit and debit card numbers and prohibition on the printing of expiration dates. For example but without limitation, several years ago, VISA, MasterCard, the PCI Security Standards Council (a consortium founded by VISA, MasterCard, Discover, American Express and JCB), companies that sell cash register and other devices for the processing of credit or debit card payments, and other entities informed Defendants and each of them about FACTA, including its specific requirements concerning the truncation of credit and debit card numbers and

prohibition on the printing of expiration dates, and Defendants' need to comply with same.

37. In addition, many companies such as VISA and MasterCard devised and implemented policies well before the operative date of FACTA's requirements, wherein such policies VISA, MasterCard and others required Defendants (and informed Defendants of the requirements) to truncate credit and debit card numbers and prevent the printing of expiration dates on receipts. For example, on March 6, 2003, VISA USA's CEO, Carl Pascarella, held a press conference on Capitol Hill with Senators Dianne Feinstein, Judd Gregg, Jon Corzine and Patrick Leahy, and publically announced Visa USA's new truncation policy to protect consumers from identity theft. At the March 2003 press conference, Mr. Pascarella explained, as follows:

> "Today, I am proud to announce an additional measure to combat identity theft and protect consumers. **Our new receipt truncation policy will soon limit cardholder information on receipts to the last four digits of their accounts. The card's expiration date will be eliminated from receipts altogether.** This is an added security measure for consumers that doesn't require any action by the cardholder. We are proud to be the first payments brand to announce such a move to protect cardholders' identities by restricting access to their account information on receipts.
>
> **The first phase of this new policy goes into effect July 1, 2003 for all new terminals.** I would like to add, however, that even before this policy goes into effect, **many merchants have already voluntarily begun truncating receipts, thanks to groundwork that we began together several years ago.**

Receipt truncation is good news for consumers, and bad news for identity thieves. Identity thieves thrive on discarded receipts and documents containing consumers' information such as payment account numbers, addresses, Social Security numbers, and more. Visa's new policy will protect consumers by limiting the information these thieves can access." (Statements made by VISA USA's CEO, Carl Pascarella at a March 6, 2003 press conference held at Capitol Hill with Senators Dianne Feinstein, Judd Gregg, Jon Corzine and Patrick Leahy.)

38.  Despite knowing and being repeatedly informed about FACTA and the importance of truncating credit and debit card numbers and preventing the printing of expiration dates on receipts, and despite having had over three years to comply with FACTA's requirements, Defendants and each of them knowingly willfully, intentionally, and recklessly violated and continue violate FACTA's requirements by, *inter alia*, printing more than the last five digits of the card number and or the expiration date upon the receipts provided to the cardholders with whom they transact business.

39.  Defendants' business peers and competitors readily brought their credit and debit card receipt printing processes in compliance with FACTA's requirements by, for example, doing things such as programming their card machines and devices to prevent them from printing more than the last five digits of the card number and or the expiration date upon the receipts provided to the cardholders. Defendants could have readily done the same.

40.  Instead, Defendants knowingly willfully, intentionally, and recklessly disregarded FACTA's requirements and continued to use cash registers and or other machines or devices that printed receipts in violation of FACTA.

41.   Defendants knowingly, willfully, intentionally, and recklessly violated FACTA in conscious disregard of the rights of Plaintiff and the PLAINTIFF CLASS thereby exposing Plaintiff and the PLAINTIFF CLASS to an increased risk of identity theft and credit and or debit card fraud.

42.   As a result of Defendants' willful violations of FACTA, Defendants are liable to Plaintiff and each member of the PLAINTIFF CLASS in the statutory damage amount of "not less than $100 and not more than $1,000" for each violation. (15 U.S.C. §1681n.)

43.   Defendants' conduct is continuing and, unless restrained, Defendants will continue to engage in their unlawful conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for:

1.   An order certifying the PLAINTIFF CLASS and appointing Plaintiff as the representative of the PLAINTIFF CLASS, and appointing the law firm representing Plaintiff as counsel for the PLAINTIFF CLASS;

2.   An award to Plaintiff and the PLAINTIFF CLASS of statutory damages pursuant 15 U.S.C. §1681n for Defendants' willful violations;

3.   An award to Plaintiff and the PLAINTIFF CLASS of punitive damages pursuant to 15 U.S.C. §1681n;

4.   Payment of costs of suit herein incurred pursuant to, *inter alia*, 15 U.S.C. §1681n;

5.   Payment of reasonable attorneys' fees pursuant to, *inter alia*, 15 U.S.C. §1681n;

6.    A permanent injunction enjoining Defendants and each of them from engaging in their unlawful violations of FACTA; and

7.    For such other and further relief as the Court may deem proper.

Dated: October 1, 2007            THE LINDE LAW FIRM

By: _____
DOUGLAS A. LINDE
CHANT YEDALIAN
ERICA L. ALLEN
Attorneys for Plaintiff

13

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF;
AND DEMAND FOR JURY TRIAL

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all claims so triable.

Dated: October 1, 2007                THE LINDE LAW FIRM

By: _____
DOUGLAS A. LINDE
CHANT YEDALIAN
ERICA L. ALLEN
Attorneys for Plaintiff

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF;
AND DEMAND FOR JURY TRIAL