Daniel E. Alberti (68620)
dalberti@mwe.com
Peter J. Drobac (191079)
pdrobac@mwe.com
**MCDERMOTT WILL & EMERY LLP**
3150 Porter Drive
Palo Alto, CA 94304-1212
Telephone:    650.813.5000
Facsimile:    650.813.5100

Wilber H. Boies, P.C.
bboies@mwe.com
Charles M. Evans
cevans@mwe.com
**MCDERMOTT WILL & EMERY LLP**
227 West Monroe Street
Chicago, IL 60606
Telephone:    312.372.2000
Facsimile:    312.984.7700

Attorneys for Defendants STUART WEITZMAN HOLDINGS, LLC (SUED AS STUART WEITZMAN RETAIL STORES, LLC, STUART WEITZMAN SAN FRANCISCO, LLC)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SONJA KLIMP, on behalf of herself and All others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>STUART WEITZMAN RETAIL STORES, LLC.; STUART WEITZMAN SAN FRANCISCO, LLC, and DOES 1 through 10, inclusive,<br><br>　　　　　　Defendants. | CASE NO.:  C 07-5076 CRB<br><br>**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |

Defendant Stuart Weitzman Holdings LLC, sued as Stuart Weitzman Retail Stores, LLC and Stuart Weitzman San Francisco, LLC ("Stuart Weitzman") states as follows for its Answer and Affirmative Defenses to plaintiff Sonja Klimp's Class Action Complaint for Damages and Injunctive Relief ("Complaint"):

## INTRODUCTION

1. Stuart Weitzman lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 1, and on that basis denies them.

2. Stuart Weitzman admits that the quoted language appears at 15 U.S.C. § 1681c(g), but denies that the quoted language accurately or completely sets forth the entire text of the statutory provision cited. Stuart Weitzman denies any allegation of Paragraph 2 that is contrary to the Fair Credit Reporting Act (the "Act"), as amended by FACTA. Except as expressly admitted, Stuart Weitzman denies the allegations in Paragraph 2.

3. Stuart Weitzman admits the existence of 15 U.S.C. § 1681c(g), denies any allegation of Paragraph 3 that is contrary to the Act and denies any violation of the Act. Further answering, Stuart Weitzman states that it uses two different systems to generate receipts at the point of sale. Stuart Weitzman denies that more than the last five digits (or more than the last four digits) of the credit card or debit card number used in the transaction appeared on customer receipts provided to the cardholder at the point of sale after December 4, 2006. Stuart Weitzman denies that it printed the expiration date of the credit card or debit card used in transactions on certain customer receipts provided to the cardholder at the point of sale after December 4, 2006. Stuart Weitzman admits that it printed the expiration date of the credit card or debit card used in transactions on certain customer receipts provided to the cardholder at the point of sale after December 4, 2006. Stuart Weitzman denies any knowledge of the alleged FACTA requirements prior to the filing of a lawsuit against Stuart Weitzman concerning FACTA in the United States District Court for the Northern District of Illinois on July 6, 2007, and denies any violation of the Act, willful or otherwise. Except as expressly admitted, Stuart Weitzman denies the allegations in Paragraph 3.

4.  Stuart Weitzman admits that plaintiff purports to bring an action under 15 U.S.C. § 1681 *et seq*. Except as expressly admitted, Stuart Weitzman denies the allegations in Paragraph 4.

5.  Stuart Weitzman admits that plaintiff purports to bring an action under 15 U.S.C. § 1681 *et seq*., and admits that plaintiff seeks statutory damages, punitive damages, attorney's fees, costs and a permanent injunction. Stuart Weitzman denies any violation of the Act, and denies that plaintiff is entitled to any award of statutory damages, punitive damages, attorney's fees, injunctive relief, and/or costs or any other relief, individually or on behalf of the putative class.

**JURISDICTION AND VENUE**

6.  Stuart Weitzman admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, because plaintiff purports to bring an action pursuant to a federal statute, 15 U.S.C. § 1681 *et seq*.

7.  Stuart Weitzman admits that it does business in this judicial district.

8.  Stuart Weitzman admits that venue is proper in this judicial district.

**PARTIES**

9.  Stuart Weitzman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9, and on that basis denies them.

10. Stuart Weitzman admits that its state of incorporation is Delaware and that its principal executive offices are in Fort Lauderdale, Florida. Stuart Weitzman also admits that it operates a chain of 24 stores within the United States, including a store at 112 Grant Avenue, San Francisco, California and stores in several foreign countries, at which stores Stuart Weitzman offers merchandize for sale to the general public, including women's shoes and handbags. Except as expressly admitted, Stuart Weitzman denies the allegations in Paragraph 10.

11. Stuart Weitzman denies that Stuart Weitzman San Francisco, LLC is a subsidiary of Stuart Weitzman Holdings, LLC and denies that Stuart Weitzman San Francisco, LLC operates the store Plaintiff visited at 112 Grant Avenue, San Francisco, California.

12. Stuart Weitzman denies the allegations in Paragraph 12.

13. Stuart Weitzman denies the allegations in Paragraph 13 and further denies that plaintiff may properly assert claims against unnamed "Defendant Does."

## CLASS ACTION ALLEGATIONS

14. Stuart Weitzman admits that plaintiff purports to bring this action on behalf of a class under Fed. R. Civ. P. 23(a) and (b). Stuart Weitzman denies that certification of the putative class is proper under Fed. R. Civ. P. 23(a) and (b).

15. Stuart Weitzman admits that plaintiff purports to bring this action on behalf of a class under Fed. R. Civ. P. 23(a) and (b). Stuart Weitzman denies that certification of the putative class is proper under Fed. R. Civ. P. 23(a) and (b).

16. Stuart Weitzman admits that plaintiff purports to exclude certain individuals from its putative class but denies that certification of the putative class is proper under Fed. R. Civ. P. 23(a) and (b).

17. Stuart Weitzman denies that the alleged class is properly defined and denies both the existence of the class and that the class is so numerous that joinder of all putative class members is impracticable. Stuart Weitzman further denies that certification of a class in this case would benefit both the parties and this Court.

18. Stuart Weitzman admits that more than two thousand customers at Stuart Weitzman stores nationwide received an electronically printed transaction receipt since December 4, 2006. Except as expressly admitted, Stuart Weitzman denies the allegations of Paragraph 18.

19. Stuart Weitzman denies the existence of a class and denies the remaining allegations in Paragraph 19.

20. Stuart Weitzman denies the existence of a class and lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 20 concerning "techniques and forms commonly used in class actions" "or . . . other methods suitable to this class," and on that basis denies them.

21. Stuart Weitzman denies the existence of a class and denies that plaintiff's claims are typical of the claims of the members of the putative class. Stuart Weitzman also denies that it engaged in any unlawful and willful conduct in violation of the Act.

22. Stuart Weitzman admits that plaintiff purports to represent a putative class of individuals. Further answering, Stuart Weitzman states that it uses two different systems to generate receipts at the point of sale. Stuart Weitzman denies that more than the last five digits (or more than the last four digits) of the credit card or debit card number used in the transaction appeared on customer receipts provided to the cardholder at the point of sale after December 4, 2006. Stuart Weitzman denies that it printed the expiration date of the credit card or debit card used in transactions on certain customer receipts provided to the cardholder at the point of sale after December 4, 2006. Stuart Weitzman admits that it printed the expiration date of the credit card or debit card used in transactions on certain customer receipts provided to the cardholder at the point of sale after December 4, 2006. Stuart Weitzman denies any knowledge of the alleged FACTA requirements prior to the filing of this lawsuit and denies any violation of the Act, willful or otherwise. Except as expressly admitted, Stuart Weitzman denies the allegations of Paragraph 22.

23. Stuart Weitzman denies the existence of a class and denies that there are a well-defined community of interest and common questions of law affecting the members of plaintiff's putative class.

24. Stuart Weitzman denies the allegations in Paragraph 24.

25. Stuart Weitzman denies the allegations in Paragraph 25.

26. Stuart Weitzman denies the allegations in Paragraph 26.

27. Stuart Weitzman denies the allegations in Paragraph 27.

## FIRST CAUSE OF ACTION

**For Violation of 15 U.S.C. §§ 1681 et seq.
(On Behalf of Plaintiff and the PLAINTIFF CLASS
as against all Defendants including DOES 1 through 10)**

28. Stuart Weitzman hereby incorporates by reference its Answers to the allegations in this Compliant.

29. Stuart Weitzman admits that plaintiff purports to bring this action on behalf of a class under Fed. R. Civ. P. 23(a) and (b)(3). Stuart Weitzman denies that certification of the putative class is proper under Fed. R. Civ. P. 23(a) and (b)(3).

30. Stuart Weitzman admits that the quoted language appears at 15 U.S.C. § 1681c(g)(1), but denies that the quoted language accurately or completely sets forth the entire text of the statutory provision cited. Stuart Weitzman denies any allegation in Paragraph 30 that is contrary to the Act. Except as expressly admitted, Stuart Weitzman denies the allegations in Paragraph 30.

31. Stuart Weitzman admits the existence and terms of the FACTA provision referenced in Paragraph 31. Stuart Weitzman denies any allegation in Paragraph 31 that is inconsistent with the Act. Except as expressly admitted, Stuart Weitzman denies the allegations in Paragraph 31.

32. Stuart Weitzman admits that it accepts credit cards and debits cards in the course of transacting business at its stores in the United States. Stuart Weitzman admits that cash registers and other machines or devices generate electronically-printed receipts for credit card and debit card transactions. Except as expressly admitted, Stuart Weitzman denies the allegations in Paragraph 32.

33. Stuart Weitzman incorporates and adopts by reference its answer to Paragraph 22 above. Except as expressly admitted, Stuart Weitzman denies the allegations in Paragraph 33.

34. Stuart Weitzman incorporates and adopts by reference its answer to Paragraph 22 above. Except as expressly admitted, Stuart Weitzman denies the allegations in Paragraph 34.

35. Stuart Weitzman admits the existence and terms of 15 U.S.C. § 1681c(g)(1), and denies any allegation in Paragraph 35 that is contrary to the Act.

36. Stuart Weitzman denies the allegations in Paragraph 36.

37. Stuart Weitzman lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 37, and on that basis denies them.

38. Stuart Weitzman denies the allegations of Paragraph 38.

39. Stuart Weitzman lacks knowledge or information sufficient to identify the group of "Defendants' business peers and competitors" referenced in Paragraph 39 and lacks knowledge or information sufficient to form a belief as to whether or how any other entity responded to the enactment of FACTA. Stuart Weitzman denies any knowledge of the FACTA transaction

1  requirements prior to the filing of a lawsuit against Stuart Weitzman concerning FACTA in the
2  United States District Court for the Northern District of Illinois on July 6, 2007. Further
3  answering, Stuart Weitzman states that it has modified its credit card and debit card processing
4  systems since the filing of that lawsuit so that neither the expiration date nor more than the last
5  four digits of the card number appear on the customer receipt. Except as expressly admitted,
6  Stuart Weitzman denies the allegations in Paragraph 39.

7      40.     Stuart Weitzman denies the allegations in Paragraph 40.
8      41.     Stuart Weitzman denies the allegations in Paragraph 41.
9      42.     Stuart Weitzman denies the allegations in Paragraph 42.
10     43.     Stuart Weitzman denies the allegations in Paragraph 43.

## AFFIRMATIVE DEFENSES

For its affirmative defenses, Stuart Weitzman states as follows:

### FIRST AFFIRMATIVE DEFENSE – ACT IS UNCONSTITUTIONAL

Plaintiff's individual claim, as well as the claims of the putative class, are barred because 15 U.S.C. § 1681c(g)(1) is unconstitutionally vague in that it is capable of more than one reasonable interpretation, which is an unconstitutional defect under cases such as *Connally* v. *General Construction Co.*, 269 U.S. 385, 391, 46 S. Ct. 126 (1926) (holding that a government restriction is unconstitutionally vague where it "either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application.")

### SECOND AFFIRMATIVE DEFENSE – COMPLIANCE WITH THE ACT

Plaintiff's individual claim, as well as the claims of the putative class, are barred because Stuart Weitzman has complied with the requirements of the Act. Specifically, FACTA prohibits merchants from providing cardholders with transaction receipts that include both the expiration date and more than the last five digits of the card number. Because Stuart Weitzman has not printed more than the last four digits of the credit or debit card number involved in the transaction on the cardholder's receipt since December 4, 2006, Stuart Weitzman has not violated the Act.

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
PALO ALTO

### THIRD AFFIRMATIVE DEFENSE – GOOD FAITH

Stuart Weitzman has at all relevant times acted in good faith and without knowledge of the legal arguments and claims asserted in the Complaint and has not engaged in any willful violations of the Act. Since being sued for alleged noncompliance with FACTA, Stuart Weitzman has taken appropriate steps to eliminate expiration dates from customer credit card and debit card receipts.

### RESERVATION OF RIGHT TO PLEAD ADDITIONAL AFFIRMATIVE DEFENSES

Stuart Weitzman expressly reserves the right to plead any and all additional affirmative defenses as may be established during discovery or by the evidence in this case or by developments in the law concerning the Act.

Dated: January 7, 2008                          MCDERMOTT WILL & EMERY LLP


By:   /s/ Peter J. Drobac
      Daniel E. Alberti
      Peter J. Drobac

      Attorneys for Defendant STUART WEITZMAN HOLDINGS, LLC (SUED AS STUART WEITZMAN RETAIL STORES, LLC, STUART WEITZMAN SAN FRANCISCO, LLC)

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
PALO ALTO

**ANSWER & AFFIRMATIVE DEFENSES TO PLTF'S COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**          8          **CASE NO.: C 07-5076 CRB**

**CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

Dated: January 7, 2008                        MCDERMOTT WILL & EMERY LLP

By:   /s/ Peter J. Drobac
      Daniel E. Alberti
      Peter J. Drobac

Attorneys for Defendant STUART WEITZMAN HOLDINGS, LLC (SUED AS STUART WEITZMAN RETAIL STORES, LLC, STUART WEITZMAN SAN FRANCISCO, LLC)

MPK 136937-1.070670.0013

ANSWER & AFFIRMATIVE DEFENSES TO PLTF'S COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF                        9                        CASE NO.: C 07-5076 CRB