Daniel E. Alberti (68620)
dalberti@mwe.com
Peter J. Drobac (191079)
**MCDERMOTT WILL & EMERY LLP**
pdrobac@mwe.com
3150 Porter Drive
Palo Alto, CA 94304-1212
Telephone:    650.813.5000
Facsimile:    650.813.5100

Attorneys for Defendant STUART WEITZMAN
HOLDINGS, LLC (SUED AS STUART WEITZMAN
RETAIL STORES, LLC, STUART WEITZMAN SAN
FRANCISCO, LLC)

Douglas A. Linde, Esq.
dal@lindelaw.net
Chant Yedalian, Esq.
cy@lindelaw.net
**THE LINDE LAW FIRM**
9000 Sunset Boulevard, Suite 1021
Los Angeles, CA  90069
Telephone:  310.203.9333
Facsimile:  310.203.9233

Attorneys for Plaintiff
SONJA KLIMP

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| SONJA KLIMP, on behalf of herself and All others similarly situated,<br><br>               Plaintiff,<br><br>     v.<br><br>STUART WEITZMAN RETAIL STORES, LLC.; STUART WEITZMAN SAN FRANCISCO, LLC, and DOES 1 through 10, inclusive,<br><br>               Defendant. | CASE NO.:  C 07 5076 CRB<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT** |

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
PALO ALTO

**TO THE HONORABLE COURT:**

The parties to the above-entitled action jointly submit this Case Management Statement and Proposed Order and request the Court to adopt it as its Case Management Order in this case.

**1.    Jurisdiction and Service:**

The subject-matter jurisdiction of this Court, based on 28 U.S.C. § 1331 (federal question) is not disputed.  There are no issues regarding personal jurisdiction or venue and all parties have been served.

## DESCRIPTION OF THE CASE

**2.    A brief description of the events underlying the action:**

Section 1681c(g) of the Fair and Accurate Credit Transactions Act ("FACTA") provides that:

> "No person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction." (15 U.S.C. §1681c(g).)

Plaintiff has filed the instant class action complaint alleging that defendant Stuart Weitzman Holdings, LLC ("Stuart Weitzman") (sued as Stuart Weitzman Retail Stores, LLC, Stuart Weitzman San Francisco, LLC) violated FACTA by printing prohibited information on credit and/or debit card receipts provided to its customers.  Plaintiff also alleges that these violations were willful because defendant Stuart Weitzman was given three years and repeated warnings from multiple entities to bring itself into compliance with FACTA and yet continued to violate the law, knowing or recklessly disregarding that it was doing so.

In addition to other remedies, plaintiff asserts that FACTA provides for statutory damages of "not less than $100 and not more than $1,000" for each "willful" violation.  (15 U.S.C. §1681n.).  Plaintiff contends that the damages claimed in this action will depend upon the number of improperly processed transactions by Stuart Weitzman.

Plaintiff seeks to certify a nation-wide class, and to obtain statutory damages on behalf of plaintiff and members of the plaintiff class.  While plaintiff contends that Stuart Weitzman's conduct exposed its customers to at least an increased risk of identity theft plaintiff seeks to

McDermott Will & Emery LLP
Attorneys At Law
Palo Alto

1  recover only statutory damages in this case, recognizing that persons who suffered significant

2  actual damages will have the right to opt out and litigate independently, if desired, in the event a

3  class action is certified.

4      Defendant Stuart Weitzman denies and dispute plaintiff's claims, including plaintiff's

5  allegations that Stuart Weitzman acted in willful violation of FACTA.

6      **3.    The principal factual issues which the parties dispute:**

7          a.    The nature of defendant's conduct, including whether defendant's conduct

8  was willful.  This is a combined issue of law and fact.

9          b.    The number of violations allegedly committed by defendant.

10         c.    The nature and amount of any damages.

11     **4.    The principal legal issues which the parties dispute:**

12         a.    **Plaintiff's Position:**

13             (1)    Whether this case may be maintained as a class action.

14             (2)    Whether defendant's conduct satisfies the willfulness standard

15             under the Fair Credit Reporting Act, of which FACTA is a part.

16             (3)    The amount of statutory damages recoverable in the event

17             willfulness is shown;

18             (4)    The amount of punitive damages, if any, that should be awarded in

19             the event willfulness is shown;

20         b.    **Defendant's Position (on additional issues):**

21             (1)    Whether plaintiff can prove a violation of 15 U.S.C. §1681(g) if an

22             expiration date is printed on a customer receipt that contains no identifiable

23             credit card number;

24             (2)    whether 15 U.S.C. §1681(g) involves liability on the basis of a)

25             deploying a device that improperly formats customer receipts or b) each

26             improperly formatted customer receipt; and

27

28

McDermott Will & Emery LLP
Attorneys At Law
Palo Alto

(3)    whether plaintiff must show that defendant actually knew that its conduct violated the law as opposed to mere recklessness with respect to the law;

(4)    whether any acts or omissions on defendant's part were undertaken with actual knowledge that its conduct violated the law;

(5)    whether plaintiff is entitled to recover damages in the absence of actual injury; and.

(6)    whether plaintiff is an appropriate representative for the purported class.

**5.    The other factual issues which remain unresolved for the reason stated below and how the parties propose to resolve those issues:**

None.

**6.    Assignment of this case to a United States Magistrate Judge for trial:**

The parties do not consent to the assignment of the case to a Magistrate Judge.

## ALTERNATIVE DISPUTE RESOLUTION

**7.    Assignment:**

This case was assigned to the ADR Multi-Option Program  The parties have discussed, but not yet requested a telephone conference with the Court's ADR legal staff.

Defendant believes that this consumer class action case should be exempted from the ADR Multi-Option Program because the process is not likely to deliver benefits to the parties sufficient to justify the resources that will be consumed by its use.

**8.    Other information regarding ADR process or deadline.**

None.

## DISCLOSURES AND EVIDENCE PRESERVATION

**9.    The parties certify that they have made the following disclosures:**

The parties will make their initial disclosures as ordered by the Court no later than February 15, 2008.

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
PALO ALTO

**10.     Evidence Preservation:**

On January 9, 2008 the parties met and conferred pursuant to FRCP 26(f).  Defendant has reviewed its electronic information retention policies and has taken steps to insure the preservation of evidence relevant to likely issues in the action.

## MOTIONS AND AMENDMENT OF PLEADINGS

**11.     Motions:**

   **a.     Plaintiff's Position**

After sufficient time for discovery, Plaintiff will likely file a Motion for Summary Judgment on the issue of whether defendant acted in a willful manner.

   **b.     Defendant's Position**

Defendant intends to file a Motion for Summary Judgment on the issue of whether defendant acted in a willful manner, as required by the statute.  Defendant believes that this Motion for Summary Judgment should be ruled upon prior to any motion for class certification.

**12.     Amendment of Pleadings:**

The parties do not anticipate amending their pleadings at this time.

## DISCOVERY

**13.     The parties propose the following discovery plans:**

   **a.     Plaintiff's Position:**

Plaintiff has not agreed to any special limitation on discovery and does not believe discovery needs to be phased or limited in any way.  Plaintiff believes attempts at bifurcation between "class certification discovery" and "merits discovery" do not streamline the proceedings, but instead create additional bickering and motion practice over the issue of whether the discovery is in fact "class certification discovery" or "merits discovery."  Plaintiff believes that the time and judicial resources spent on determining whether any given discovery request is "class certification discovery" or "merits discovery" is better spent simply responding to the discovery request at issue.  Plaintiff believes the discovery cut-off should only be set after Plaintiff's Motion For Class Certification is ruled upon.  To the extent the Court seeks to set a

McDermott Will & Emery LLP
Attorneys At Law
Palo Alto

discovery cut-off at the Case Management Conference, plaintiff believes a reasonable discovery cut-off is November 10, 2008.

Plaintiff has propounded requests for documents relating to defendant's practices and knowledge of legal requirements relating to the printing of information on receipts.  Plaintiff has also propounded interrogatories and anticipates propounding requests for admissions.

**b.    Defendant's Position:**

Defendant believes that discovery should be limited to the issue of willfulness, which will form the basis of defendant's Motion for Summary Judgment, and that all other discovery topics, including the propriety of class certification, should be postponed pending a ruling on the motion.  Defendant suggests that the Court allow a discovery period of three months on the specific issue of willfulness and that defendant's motion for summary judgment be due within 45 days of the close of that limited discovery.

## TRIAL SCHEDULE

**14.    Expedited Schedule:**

Neither party believes the case is amenable to handling on an expedited basis.

**15.    The parties request a trial date as follows:**

**a.    Plaintiff's Position:**

Plaintiff believes the trial date and related dates (pretrial conference date, expert-related deadlines, etc.) should only be set after Plaintiff's Motion For Class Certification is ruled upon.  To the extent the Court seeks to set a trial date at the Case Management Conference, plaintiff believes a reasonable trial date is February 24, 2009

Assuming this matter proceeds to trial, plaintiff intends to seek bifurcation of issues relating to the amount of statutory damages from the issue of whether defendant acted willfully in printing prohibited information on receipts.  To the extent the Court seeks to set a final pretrial conference date at the Case Management Conference, plaintiff proposes February 2, 2009.  To the extent the Court desires additional proposed dates at this time, Plaintiff proposes the following:

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
PALO ALTO

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
PALO ALTO

1  Deadline to complete non-expert discovery:  November 10, 2008

2  Last day to hear pretrial dispositive motions: November 10, 2008

3  Deadline to designate experts:          November 26, 2008

4  Deadline to designate rebuttal experts:        December 29, 2008

5  Deadline to complete expert discovery:         January 29, 2008

6      **b.      Defendant's Position:**

7      Defendant believes that the issue of a trial date should be postponed pending a

8  ruling on defendant's Motion for Summary Judgment.  Defendant suggests that the Court allow a

9  discovery period of three months on the specific issue of willfulness and that defendant's motion

10 for summary judgment be due within 45 days of the close of that limited discovery.

11     **16.     The parties expect that the trial will last for the following number of days:**

12     It is difficult to assess prior to discovery in the case and ruling on FRCP 56 motion.  The

13 parties are unable at this time to estimate the number of witnesses, experts, and exhibits required

14 for trial, but will be able to do so after the Court rules on the parties' dispositive motions and after

15 the parties participate in discovery.  Plaintiff has requested a jury trial.

16     Until the Court rules on defendants' anticipated FRCP 56 motion, defendant cannot

17 predict whether it will seek bifurcation of any issues.  The parties are unable at this time to

18 stipulate to the use of summaries or statements to present evidence at trial, but would if

19 appropriate further meet and confer on this issue after participating in discovery.

20     **<u>CLASS ACTION STATEMENT (LR 16-9(b))</u>**

21     **17.     Paragraphs of FRCP 23 Under Which This Action Is Maintainable As A**
22     **Class Action**

23     Plaintiff asserts that this case is maintainable as a class action under sections (1)(a), (1)(b)

24 and (3) of FRCP 23(b).

25     **18.     Description Of Class Or Classes On Whose Behalf This Action Is Brought**

26     a.      All persons in the United States to whom, on or after December 4, 2006,

27 Defendant provided an electronically printed receipt at the point of a sale or transaction on which

28 Defendant printed the expiration date of the person's credit or debit card.  (the "Plaintiff Class").

**19.    Facts Showing The Party Is Entitled To Maintain The Action as A Class Action**

The Complaint alleges that defendant Stuart Weitzman used an automated receipt printing procedure that printed receipts violating FACTA. Accordingly, plaintiff and all members of the potential class are identically situated. Plaintiff alleges that there are no individual issues in this case of fact or law.

**20.    Proposed Class Certification Date**

**a.    Plaintiff's Position**

Plaintiff proposes that he be permitted to file his class certification motion by a date that will allow a hearing on the motion by no later than May 26, 2008. Plaintiff may file his motion for class certification at a much earlier date, depending on the progress of pre-certification discovery.

**b.    Defendant's Position**

Defendant believes that the first issue this Court should consider is defendant's Motion for Summary Judgment on the issue of willfulness because a ruling in defendant's favor will dispose of this entire case. Defendant believes that the issue of class certification and any briefing related to class certification should be postponed until this Court rules on Defendant's Motion for Summary Judgment.

**21.    Brief Description of Relief Sought:**

Plaintiff seeks statutory damages of between $100 and $1,000 under 15 U.S.C. 1681(n), punitive damages, and attorney's fees and costs.

Defendant does not seek damages.

**22.    Disclosure Of Persons And Entities With A Financial Or Any Other Interest In The Subject Matter At Issue:**

a.    Plaintiff:

Plaintiff and the putative class. At this time, Plaintiff is unaware of the identities of the members of the putative class.

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
PALO ALTO

1          b.      Defendant:

2                  Defendant filed the notice required by Civil Local Rule 3-16 with its Answer.

3     Other than the named parties, defendant is not aware of any other interested entity or person.

4

5     Dated:  February 15, 2008                          THE LINDE LAW FIRM

6

7                                              By:    /s/ Douglas A. Linde
                                                      Douglas A. Linde
8                                                     Chant Yedalian
                                                      Erica L. Allen
9
                                                      Attorneys for Plaintiff
10                                                    SONJA KLIMP

11    Dated:  February 15, 2008                          MCDERMOTT WILL & EMERY LLP

12

13                                             By:    /s/ Daniel E. Alberti
                                                      Daniel E. Alberti
14                                                    Peter J. Drobac

15                                                    Attorneys for Defendant STUART
16                                                    WEITZMAN HOLDINGS, LLC (SUED AS
                                                      STUART WEITZMAN RETAIL STORES,
17                                                    LLC, STUART WEITZMAN SAN
                                                      FRANCISCO, LLC)
18

19

20

21

22

23

24

25

26

27

28

1

## [PROPOSED] CASE MANAGEMENT ORDER

2      _____The Case Management Statement and Proposed Order is hereby adopted by the

3   Court as the Case Management Order for the case and the parties are ordered to comply

4   with this Order.

5      _____In addition the Court orders:

6

7   _____

8   _____

9   _____

10  _____

11  _____

12  _____

13  Dated:                              _____

14                                      Hon. Charles R. Breyer
                                        UNITED STATES DISTRICT JUDGE

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
PALO ALTO

1    **DECLARATION RE: SIGNATURE PURSUANT TO GENERAL ORDER 45 § X**

2        I, Daniel E. Alberti, declare as follows:

3        1.      I am an attorney at the law firm of McDermott Will & Emery LLP, counsel of

4   record for Defendant Stuart Weitzman Holdings, LLC (sued as Stuart Weitzman Retail Stores,

5   LLC and Stuart Weitzman San Francisco, LLC), in the above-captioned action.  I am a member

6   of good standing of the State Bar of California and am admitted to practice in the United States

7   District Court for the Northern District of California.  I have personal knowledge of the facts set

8   forth in this Declaration and, if called as a witness, could and would testify competently to such

9   facts under oath.

10        2.      I attest that the electronic signature of Douglas A. Linde, counsel of record for

11  Plaintiff, Sonja Klimp, appearing in the signature block of the **JOINT CASE MANAGEMENT**

12  **CONFERENCE STATEMENT**, is the signature of Douglas A. Linde, and that I have been

13  authorized to file the **JOINT CASE MANAGEMENT CONFERENCE STATEMENT** on his

14  behal**f.**

15        Executed on the 15th day of February, 2008 at Palo Alto, California.  I declare under

16  penalty of perjury under the laws of the United States that the foregoing is true and correct.

17

18                                                            _____/s/ Daniel E. Alberti_____

19
    MPK 138658-1.070670.0013
20

21

22

23

24

25

26

27

28

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
PALO ALTO