WILBER H. BOIES (Pro Hac Vice)
CHARLES M. EVANS (Pro Hac Vice)
McDermott Will & Emery LLP
227 W. Monroe St.
Chicago, Illinois 60606
Telephone: (312) 984-7686
Facsimile: (312) 984-7700
Email: bboies@mwe.com
        cevans@mwe.com
Attorneys for Defendant
Stuart Weitzman Holdings, LLC

DANIEL E. ALBERTI
McDermott Will & Emery LLP
3150 Porter Drive
Palo Alto, California 94304
Telephone: (650) 813-5019
State Bar No.: 68620

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| SONJA KLIMP, on behalf of herself and All others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>STUART WEITZMAN RETAIL STORES, LLC.; STUART WEITZMAN SAN FRANCISCO, LLC, and DOES 1 through 10, inclusive,<br><br>Defendant. | CASE NO.:  C 07 5076 CRB<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT**<br><br>Hearing Date: August 8, 2008<br>Time: 10:00 a.m.<br>Courtroom: 8<br>Judge: Hon. Charles R. Breyer |

Stuart Weitzman's Motion for
Summary Judgment

CASE NO. C 07-5076 CRB

**TABLE OF CONTENTS**

Page

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT ................................. 1

STATEMENT OF THE ISSUE .............................................................................................. 1

MEMORANDUM OF POINTS AND AUTHORITIES ........................................................ 2

I. INTRODUCTION ........................................................................................................ 2

II. FACTUAL BACKGROUND ...................................................................................... 2

III. ARGUMENT ............................................................................................................... 4

    A. Summary Judgment Is Appropriate Because the Plaintiff Cannot Prove a Knowing or Reckless Violation of FACTA ............................................... 4

        1. This Is A Summary Judgment Case .......................................................... 5

        2. Plaintiff Klimp Must Prove A Knowing Or Reckless Disregard of FACTA – And Cannot ............................................................................. 5

            a. The Willfulness Standard Has Been Strictly Defined By the Supreme Court ............................................................................ 6

            b. To Prove the Element of Willfulness, the Plaintiff Must Show More Than Simply That the Defendant Printed the Expiration Date On A Receipt ............................................................................ 7

            c. To Meet the Willfulness Requirement, Plaintiff Must Show Reckless Disregard of FACTA ................................................... 8

    B. Stuart Weitzman Did Not Willfully Violate FACTA ............................................. 9

        1. Federal Courts Grant Summary Judgment In FACTA Cases When the Plaintiff Cannot Prove Willfulness ................................................... 9

        2. Stuart Weitzman Did Not Know About FACTA .................................... 11

        3. Stuart Weitzman Did Not Recklessly Disregard FACTA By Printing Expiration Dates On Receipts ................................................. 12

        4. No Reasonable Jury Could Find a Willful Violation of FACTA. ........... 12

IV. SUMMARY OF THE ARGUMENT ....................................................................... 13

V. CONCLUSION ......................................................................................................... 13

**TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986) .................................................................................................................. 5

*Bhan v. NME Hosp., Inc.*,
   929 F.2d 1404 (9th Cir. 1991) ................................................................................................... 5

*Celotex Corp. v. Catreet,*
   477 U.S. 317 (1986) .................................................................................................................. 5

*Duncan v. Walker*,
   533 U.S. 167, 150 L. Ed. 251 (2001) ........................................................................................ 7

*Edwards v. Toys R Us*,
   527 F. Supp. 2d 1197,
   CV 06-08163, 2007 U.S. Dist. LEXIS 94448 (C.D. Cal., Nov. 5, 2007) ................................ 10

*Eisenberg v. Ins. Co. of N. Am.*,
   815 F.2d 1285 (9th Cir. 1987) ................................................................................................... 5

*Farmer v. Brennan,*
   511 U.S. 825 (1994) .................................................................................................................. 7

*Hogan v. PMI Mortgage Insurance Co.*, No. C 05-3851,
   2006 U.S. Dist. LEXIS 32179 (N.D. Cal. May 12, 2006) ......................................................... 6

*Howard v. Hooters*, C.A. H-07-3399,
   2008 U.S. Dist. LEXIS 30776 (S.D. Tex. April 5, 2008) ............................................... 9-10, 13

*Karmolinski v. Equifax Information Svcs., LLC et al.*, Civ. No. 04-1448-AA,
   2007 U.S. Dist. LEXIS 64511 (D. Or. Aug. 28, 2007) ............................................................. 8

*Leocal v. Ashcroft*,
   543 U.S. 1, 160 L. Ed. 271 (2004) ............................................................................................ 7

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
   475 U.S. 574 (1986) .................................................................................................................. 5

*McLaughlin v. Richland Shoe Co.*,
   486 U.S. 128, 100 L. Ed. 115 (1988) ........................................................................................ 8

*Najarian v. Charlotte Russe*, .CV 07-501-RGK,
   2007 U.S. Dist. LEXIS 95606 (C.D. Cal. Aug. 16, 2007) ............................................ 9, 11, 13

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
CHICAGO

# TABLE OF AUTHORITIES

**Page(s)**

*Safeco Ins. Co. of Am. v. Burr*,
   127 S. Ct. 2201, 167 L. Ed. 2d 1045 (2007) ..................................................................6, 7, 12, 13

*Soualian v. International Coffee & Tea, LLC, et al.*, CV 07-0502,
   Order (Klausner, J.), Doc. 114 (C.D. Cal. Feb. 9, 2008) ........................................................ 10

*Trans World Airline, Inc. v. Thurston*,
   469 U.S. 111 (1985) .................................................................................................................. 8

*Wang ex rel. United States v. FMC Corp.*,
   975 F.2d 1412 (9th Cir. 1992) ................................................................................................ 12

*Yeagley v. Wells Fargo & Co.*, C 05-03403 ,
   2008 U.S. Dist. LEXIS 5040 (N.D. Cal. Jan 18, 2008) ............................................................ 7

**STATUES**

15 U.S.C.§ 1681c(g) ..............................................................................................................1, 2, 3, 12

15 U.S.C.§ 1681c(g)(1) ..................................................................................................................... 5

15 U.S.C.§ 1681c(g)(3)(A) ............................................................................................................... 5

15 U.S.C.§ 1681e(b) .......................................................................................................................... 8

15 U.S.C.§ 1681n ...................................................................................................................... 1, 2, 6

15 U.S.C.§ 1681n (a) ........................................................................................................................ 6

15 U.S.C.§ 1681o .............................................................................................................................. 6

15 U.S.C.§ 1681o(a)(1) ..................................................................................................................... 6

**RULES AND REGULATIONS**

Fed. R. Civ. P. 56................................................................................................................................ 1, 5

## NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

PLEASE TAKE NOTICE that on August 8, 2008 at 10:00 a.m., or as soon thereafter as this matter may be heard in Courtroom 8 of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California, Defendant Stuart Weitzman Holdings, LLC will and hereby does move the Court, pursuant to Rule 56 of the Federal Rules of Civil Procedure and Civil Local Rule 56, for summary judgment and dismissal with prejudice of all claims of plaintiff Sonja Klimp ("Klimp"). This motion is limited to the issue of willfulness pursuant to the Court's order of February 22, 2008. Stuart Weitzman reserves all other defenses as set forth in its Answer to the Complaint.

This motion is made on the grounds that plaintiff cannot establish either actual damages or the requisite willfulness required for statutory damages under the Fair and Accurate Credit Transactions Act provisions of the Fair Credit Reporting Act, 15 U.S.C.§ 1681c(g) and 1681n. Consequently, all claims against Stuart Weitzman Holdings LLC, sued as "Stuart Weitzman Retail Stores, LLC, Stuart Weitzman San Francisco, LLC, and Does 1 through 10" ("Stuart Weitzman") should be dismissed.

This Motion for Summary Judgment is based on the attached Memorandum of Points and Authorities, the accompanying affidavit of Phil Kodroff and declaration of Mahendran Ramanathan, the pleadings on file with the Court, and all other matters that may be presented at the hearing.

## STATEMENT OF THE ISSUE

Has Stuart Weitzman willfully violated FACTA's expiration date provision?

## **MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION**

Stuart Weitzman has never knowingly or willfully violated the Fair and Accurate Credit Transactions Act ("FACTA") provisions of the Fair Credit Reporting Act ("FCRA"). *See* 15 U.S.C.§ 1681c(g) and 1681n.  As set forth in affidavits submitted with this motion, Stuart Weitzman did not know about FACTA's expiration date provision and did not recklessly disregard FACTA.  Not only did Stuart Weitzman not know of the provision, the vendor providing Stuart Weitzman with the software that generated receipts showing the expiration date did not know of the provision.  Only after being sued did Stuart Weitzman learn that there was a federal statute concerning the printing of expiration dates on credit card receipts.  Once aware of the statute, Stuart Weitzman immediately converted its systems to provide receipts without expiration dates.  Given these facts and the applicable law, Stuart Weitzman is entitled to summary judgment.

**II.     FACTUAL BACKGROUND**

Stuart Weitzman is a shoe and handbag retailer with store locations throughout the United States. Each store accepts credit cards processed through point of sale ("POS") systems obtained from third-party vendors.  (Affidavit of Phil Kodroff, herein after "Kodroff Affidavit", attached hereto as Exhibit 1, ¶4).  Stuart Weitzman utilizes two different systems to print receipts.  (Id. at ¶3).  The older system, called the Hypercom system, never printed full credit card numbers or expiration dates on receipts.  (Id. at ¶5).  Stuart Weitzman obtained this system from Bank of America and BA Merchant Services, LLC.  (Id. at ¶4).

In September of 2005, Stuart Weitzman added the second system, which was Retail Pro software ("Retail Pro System").  (Id. at ¶6).  The system was purchased through Stuart

Weitzman's third-party vendor, Business Automation Consultants ("BAC"), now called Retail Technology Experts ("RTE), which installed the Retail Pro System. (Id. at ¶¶4,7). The Retail Pro system printed "truncated" credit card numbers but did print expiration dates on customer receipts. (Id. at ¶7). In implementing this system Stuart Weitzman relied on its third-party vendor, an experienced retail technology and network services company in business for 17 years and with over 500 clients. (Kodroff Affidavit, ¶4; Affidavit of Mahendran Ramanathan of RTE, hereinafter "Ramanathan Affidavit", attached hereto as Exhibit 2, ¶2).

When Stuart Weitzman implemented and began use of the new system, it was unaware of the FACTA provision about expiration dates. (Kodroff Affidavit, ¶9). Stuart Weitzman only employs a small headquarters staff and does not have an inside counsel or legal compliance officer. (Kodroff Affidavit, ¶4.) After a thorough search of its records, Stuart Weitzman has not found a single document referring to FACTA. (Kodroff Affidavit, ¶10). Not one document in Stuart Weitzman's possession mentioned a federal law requiring expiration date truncation. (Id.). Stuart Weitzman has found only two documents referring in any way to masking expiration dates. (Id.). The first was a 2005 Merchant Start-Up Manual from BA Merchant Services. (Id.). It stated that some states required expiration date truncation. (Id.). It mentioned nothing of an existing or pending federal requirement despite the fact that FACTA was enacted in 2003. (Id.; 15 U.S.C. 1681c(g) ). The manual also states that Visa and MasterCard rules provide for truncation. (Kodroff Affidavit, ¶10). The second document is an email dated April 27 of 2007 from the Discover Network. (Id.). That email states that "[w]here required by law, Merchants must truncate Card numbers and mask Card expiration dates…." (Id.).

Stuart Weitzman first learned of the FACTA provision about expiration dates when a lawsuit was filed in the Northern District of Illinois alleging that Stuart Weitzman violated

Stuart Weitzman's Motion for Summary Judgment  - 3 -  CASE NO. C 07-5076 CRB

FACTA by printing the expiration date on credit card receipts. *Aliano v. Stuart Weitzman Retail Stores, LLC*, Case No. 07 C 3814 ("*Aliano* lawsuit"). (Id. at ¶8).

Stuart Weitzman promptly contacted the Retail Pro software vendor about the *Aliano* lawsuit and immediately eliminated expiration dates from store receipts. (Kodroff Affidavit at ¶8). RTE, despite its expertise in the POS field, was unaware that FACTA provision on expiration dates until Stuart Weitzman informed them of the *Aliano* lawsuit. (Ramanathan Affidavit, ¶5). RTE in fact believed there was no federal requirement regarding expiration dates. (Ramanathan Affidavit, ¶5; Kodroff Affidavit, Exhibit E). The software vendor insisted that Stuart Weitzman was misinterpreting the law, and emphatically insisted that expiration date truncation was not a national requirement.[1] (Kodroff Affidavit at ¶9; Ex. E); (Ramanathan Affidavit, ¶5). RTE's Manager of Technical Services stated "I will say this one more time…BAC…is not responsible for 'YOUR' [Stuart Weitzman's] interpretation of the Federal Law." (Kodroff Affidavit, Ex. E). Nonetheless Stuart Weitzman changed its receipts to eliminate expiration dates within six days of receiving notice of the *Aliano* lawsuit. (Kodroff Affidavit, ¶12).

**III.   ARGUMENT**

   **A.   Summary Judgment Is Appropriate Because the Plaintiff Cannot Prove a Knowing or Reckless Violation of FACTA.**

Klimp cannot meet her burden to go forward with this case. This is because of the strict requirements set by the Supreme Court for proving a willful violation of the Fair Credit Reporting Act.

---

[1] RTE's position remains today that the printing of the expiration date on a credit card receipt does not provide an opportunity for identity theft and leads to no risk of harm to the customer so long as the credit card number is properly truncated. (Ramanathan Affidavit, ¶6).

Stuart Weitzman's Motion for Summary Judgment - 4 -   CASE NO. C 07-5076 CRB

**1.    This Is A Summary Judgment Case.**

Summary judgment is properly granted when there are no genuine and disputed issues of material fact and when, viewing the evidence most favorably to the non-moving party, the movant is entitled to prevail as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catreet,* 477 U.S. 317, 322-23 (1986); *Eisenberg v. Ins. Co. of N. Am.*, 815 F.2d 1285, 1288-89 (9th Cir. 1987). The moving party bears the burden of showing there is no material factual dispute, *Celotex*, 477 U.S. at 323. Once it has done so, the burden of proof shifts to the non-moving party who must demonstrate that there are genuine issues of material fact. *Id.* at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The substantive law will identify which facts are material. *Anderson v.Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When the moving party does not bear the burden of proof on an issue at trial, the moving party is to show that there is no genuine issue of material fact by demonstrating that "there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. When evidence to support a material fact plaintiff must prove is not in the record, the burden is on the opposing party to produce "specific evidence through affidavits or admissible discovery material, to show that the dispute exists." *Bhan v. NME Hosp., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991). If the record has no proof of an essential element of a claim, all other facts are rendered immaterial. *Celotex*, 477 U.S. at 323.

**2.    Plaintiff Klimp Must Prove A Knowing Or Reckless Disregard of FACTA – And Cannot.**

Under Section 1681(c)g of FACTA:

> no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any [electronic] receipt provided to the cardholder at the point of sale or transaction.

15 U.S.C.§ 1681c(g)(1). The statute contains a staggered compliance period with all registers to be in compliance by December 4, 2006. 15 U.S.C.§ 1681c(g)(3)(A).

McDermott Will & Emery LLP
Attorneys At Law
Chicago

In order to prevail on a FACTA claim, the plaintiff must first demonstrate a violation of FACTA provisions on credit card receipt contents. Secondly, the plaintiff must also show actual damages resultant from the violation or show that the violation was willful and should result in statutory damages. 15 U.S.C.§ 1681n. Klimp alleges no actual damages and seeks to recover under the "willful" provision of the statute. (Complaint, Prayer for Relief).

### a. The Willfulness Standard Has Been Strictly Defined By the Supreme Court.

A right of private action for violations of FACTA arises under Sections 1681n or 1681o of the FCRA. *See Hogan v. PMI Mortgage Insurance Co.*, No. C 05 3851, 2006 U.S. Dist. LEXIS 32179, 10, 24-25 (N.D. Cal. May 12, 2006). Section 1681o relates solely to claims of actual damages. 15 U.S.C.§ 1681o(a)(1). Section 1681n provides for statutory damages, but only when a plaintiff can demonstrate willful noncompliance by the defendant:

> Any person who willfully fails to comply with any requirement imposed under this title [15 USCS §§1681 et seq.] with respect to any consumer is liable to that consumer in an amount equal to the sum of--(1) (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $ 100 and not more than $ 1,000…

15 U.S.C.§ 1681n (a). Since Klimp does not allege she suffered actual damages and does not request compensation for actual damages, (Complaint, Prayer for Relief), she must prove that Stuart Weitzman willfully violated FACTA in order to recover statutory damages.

As recently clarified by the Supreme Court, proving willfulness in Fair Credit Reporting Act cases requires the plaintiff to show either knowing and intentional violation of the statue or reckless disregard of the statute. *Safeco Ins. Co. of Am. v. Burr*, 127 S. Ct. 2201, 167 L. Ed. 2d 1045 (2007). The Supreme Court reversed the 9th Circuit Court of Appeals in *Safeco*, rejecting arguments that defendants could be held liable for statutory violations of FCRA provisions on facts that showed they were perhaps ignorant of the law or negligent but not willful as required by the statute. According to the Supreme Court, reckless disregard means action entailing "an

Stuart Weitzman's Motion for Summary Judgment — - 6 - — CASE NO. C 07-5076 CRB

unjustifiably high risk of harm that is either known or so obvious it should be known." *Id.* at 2215 (quoting *Farmer v. Brennan,* 511 U.S. 825, 836 (1994). The Supreme Court went on to conclude that recklessness entails conduct creating a substantially greater risk of violation of the FCRA than conduct necessary to establish negligence. *Id.* at 2215; see also *Yeagley v. Wells Fargo & Co.*, C 05-03403, 2008 U.S. Dist. LEXIS 5040 (N.D. Cal. Jan 18, 2008).

In its *Safeco* analysis of recklessness in the context of a statutory violation, the Supreme Court noted that the Restatement of Torts defines reckless disregard as action or inaction "knowing or having reason to know of facts which would lead a reasonable man to realize, not only that his conduct creates an unreasonable risk of physical harm to another, but also that such risk is substantially greater than that which is necessary to make his conduct negligent." *Safeco*, 127 S. Ct. at 2215. The Court went on to state that "[i]t is this high risk of harm, objectively assessed, that is the essence of recklessness at common law. (Recklessness requires a known or obvious risk that was so great as to make it highly probable that harm would follow)." *Id.* (internal citations omitted.)

### b. To Prove the Element of Willfulness, the Plaintiff Must Show More Than Simply That the Defendant Printed the Expiration Date On A Receipt.

It is a well-established rule of statutory interpretation that a court is to give effect if possible to every clause and word of a statute. *See e.g. Duncan v. Walker*, 533 U.S. 167; 150 L. Ed. 251 (2001); *Leocal v. Ashcroft*, 543 U.S. 1, 160 L. Ed. 271 (2004). The word "willfully" must be given effect, and that effect is to require plaintiff to demonstrate a substantially higher level of disregard than would constitute negligence. *Safeco*, 127 S.Ct. at 2115.

This careful approach to statutory construction is a recurring theme in the interpretation of federal statutes with remedies provisions. When intentional and negligent violations of a statute lead to two different types of liability and damages, simple knowledge of the existence of a

statute and its potential application is not sufficient to establish willfulness. *Trans World Airline, Inc. v. Thurston*, 469 U.S. 111, 127 (1985). Simply being aware a statute exists and may be applicable (i.e. is in the picture) is not enough. The Supreme Court noted in *McLaughlin v. Richland Shoe Co.* that an "in the picture standard seems to give too little effect to Congress's express intent to create two tiers of liability." 486 U.S. 128, 134, 100 L. Ed. 115, 123 (1988). The plaintiff must prove more to establish willfulness in such cases or Congress's intentional inclusion of the stricter standard ceases to have any meaning.

Applying these rules of construction to FACTA and to this case, willfulness cannot mean simply printing the expiration date on the receipt. If it did, the word "willfully" and the mental intent ascribed to it would be rendered meaningless, and each and every violation of the FACTA truncation requirements would trigger the statutory penalty.

### c. To Meet the Willfulness Requirement, Plaintiff Must Show Reckless Disregard of FACTA.

It is important to note that the reckless disregard required to find willfulness is reckless disregard of FACTA, not of any state law or company rule. *Karmolinski v. Equifax Information Svcs., LLC et al.*, Civ. No. 04-1448-AA, 2007 U.S. Dist. LEXIS 64511 (D. Or. Aug. 28, 2007) (to prove willfulness under the FCRA, plaintiff had to show that defendant created a substantially higher risk of violating 15 U.S.C.§ 1681e(b).) This is because Klimp is seeking damages specifically and only available for a willful violation of FACTA. Stuart Weitzman did not willfully violate any credit card company rules or state law. Nonetheless, there are no statutory damages available to a private party for a willful violation of Visa rules or of state law. FACTA, and only FACTA, provides the relief plaintiffs seek in this case.

**B.     Stuart Weitzman Did Not Willfully Violate FACTA.**

In order to create a triable issue of fact and go forward with this litigation, Klimp must show either that Stuart Weitzman knew about FACTA and chose to ignore it or that Stuart Weitzman recklessly disregarded FACTA. She can do neither.

**1.     Federal Courts Grant Summary Judgment In FACTA Cases When the Plaintiff Cannot Prove Willfulness.**

Most of the reported FACTA decisions concern class certification. The FACTA summary judgment case law is limited, but the reported decisions support granting Stuart Weitzman's motion for summary judgment. In a case factually similar to this one, *Najarian v. Charlotte Russe*, the court granted the defendant summary judgment because the plaintiff did not have evidence sufficient to raise a triable issue of fact regarding willfulness. CV 07-501-RGK, 2007 U.S. Dist. LEXIS 95606 (C.D. Cal. Aug. 16, 2007). In *Najarian*, as in this case, the defendant relied on its point-of-sale ("POS") vendors and software suppliers to provide it with software technology. Further, like defendant Charlotte Russe, Stuart Weitzman expeditiously eliminated the use of expiration dates as soon as it received notice of the FACTA litigation. This Court should hold, as the *Najarian* Court did, that a defendant's "erroneous conclusion that truncation of the credit card number was sufficient to fulfill its statutory obligation was not untenable nor in reckless disregard of FACTA's expiration provision." *Id.* at *7.

In *Howard v. Hooters*, another decision dismissing a FACTA class action, the Texas district court succinctly laid out a series of reasons why the fact of printing credit card receipts showing expiration dates is not evidence of willful violations of FACTA. The court noted that: (1) damages in these cases are arbitrary, since they are not tied to any injury and do not provide a benefit to consumers when the behavior has already stopped; (2) the plaintiff had no evidence that the receipt was printed with the requisite mental state; (3) the defendant could not have recklessly disregarded the statute without disregarding the statutory damages, and this alleged recklessness

Stuart Weitzman's Motion for Summary Judgment     - 9 -     CASE NO. C 07-5076 CRB

is not supported by facts or common sense; and (4) while discovery might lead to some weak evidence of willfulness, discovery was not warranted given the facts and the plaintiff's non-injury. C.A. H-07-3399, 2008 U.S. Dist. LEXIS 30776 (S.D. Tex. April 5, 2008).

In contrast, the two reported FACTA cases where summary judgment was denied involved evidence that at least suggested a reckless violation of FACTA. In *Edwards v. Toys R Us*, 527 F. Supp. 2d 1197, CV 06-08163, 2007 U.S. Dist. LEXIS 94448 (C.D. Cal., Nov. 5, 2007), Toys R Us was printing compliant receipts (and it does not appear that Toys R Us disputed that it knew that FACTA required it to truncate the credit card number). *Id.* The company approved a change to the receipts that resulted in printing of ten digits of the credit card number on customer receipts. *Id.* Toys R Us had a POS vendor employee working full time in its offices, conducted a meeting on the change, approved it, and printed test receipts. *Id.* Although Toys R Us stated it thought the change would only affect internal receipts, the POS representative specifically added customer receipts to the change. *Id.* The court concluded that she was a company agent and her knowledge was imputed to Toys R Us, resulting in a triable issue of fact. *Id.* Unlike Toys R Us, Stuart Weitzman had no employee or agent with knowledge of FACTA (indeed, had no inside counsel or compliance officer and depended on its software vendors) and had no knowledge that printing the expiration date on receipts might be a FACTA violation, let alone a meeting with minutes regarding a change in receipts to include all of the digits of the actual credit card number.

In *Soualian v. International Coffee & Tea, LLC, et al.*, there was tangible evidence that the defendant may have known about the FACTA provision on expiration dates. CV 07-0502 (C.D. Cal. Feb. 9, 2008). In that case, the defendant had received a billing statement containing a bold-faced alert stating that current laws prohibited printing the expiration date and subjected violators to statutory damages. *Id.* On the page, the treasury manager of the defendant had written in hand "okay." *Id.* The court found this evidence "weak," but in combination with a

Stuart Weitzman's Motion for Summary Judgment — - 10 - — CASE NO. C 07-5076 CRB

signed contract that required the defendant to review all reports and invoices from the sender of the alert, it was sufficient to go to a jury. *Id.* Here, a diligent search of Stuart Weitzman's records has uncovered no notices at all about FACTA and only (1) a lengthy 2005 Bank of America "Merchant Start-Up Manual" with one section on "Account Holder Transactions on Receipts" that mentions state laws about supplying expiration dates and (2) one 2007 e-mail from Discover Network that says merchants must "mask" card expiration dates" "where required by law." (Kodroff Affidavit, ¶10). There was no alert about FACTA provisions on expiration dates or statutory damages, there was no handwritten "okay" and there was no agreement to read all reports or invoices for warnings (that were never sent) about FACTA.

### 2.     Stuart Weitzman Did Not Know About FACTA.

Declarations submitted with this motion establish that Stuart Weitzman simply did not know about the FACTA provision on credit card expiration dates. In a search of Stuart Weitzman's records, not a single document was found in which Stuart Weitzman was ever notified about FACTA's expiration date truncation provision or statutory penalties. In fact, the evidence shows that when Stuart Weitzman became aware of the statute (because of a FACTA lawsuit), it contacted its POS vendor and asked the vendor to bring its receipts into compliance. (Kodroff Affidavit, ¶11). The change was made, but the POS vendor even then responded that this change was unnecessary under the law. (Kodroff Affidavit, Ex. E).

In *Najarian,* the Court noted that if a defendant attempts to pursue the theory that the plaintiff knowingly violated the law, then (even if the plaintiff raises a question of the defendant's actual knowledge of FACTA) the plaintiff must also show that the defendant had knowledge that it was violating FACTA. Without that evidence there is no issue of a knowing violation to survive summary judgment. *Najarian.* at 6. Thus, if Klimp claims Stuart Weitzman knowingly violated the statute, she must provide sufficient evidence to create triable issues of fact regarding

Stuart Weitzman's Motion for Summary Judgment — - 11 -     CASE NO. C 07-5076 CRB

*both* Stuart Weitzman's knowledge of FACTA *and* Stuart Weitzman's knowledge that the POS system printing expiration dates was in violation of FACTA. The evidence is to the contrary. The record demonstrates that Stuart Weitzman had no knowledge of FACTA's expiration date truncation provision at all. (Clearly, its POS vendor did not inform Stuart Weitzman, as it did not know.) Because Klimp cannot provide such evidence, summary judgment is appropriate.

### 3. Stuart Weitzman Did Not Recklessly Disregard FACTA By Printing Expiration Dates On Receipts.

The facts show that Stuart Weitzman's conduct was simply not sufficient to meet the standard for recklessness established by the Supreme Court in *Safeco*. There is no evidence of anything more than a simple mistake and Stuart Weitzman did not act in a manner that was "substantially greater" than negligence. Since there is no evidence of greater misconduct, summary judgment is appropriate. *Safeco*, 127 S. Ct. 2201 at 2215.

Notably, both of the documents found by Stuart Weitzman that reference expiration dates actually lead the reader to believe that there was no national law requiring truncation. The Merchant Start-Up Manual from BA Merchant Services stated that *some states* required expiration date truncation. (Kodroff Affidavit, ¶10). It mentioned nothing of an existing or pending federal requirement despite the fact that FACTA was enacted in 2003. (Id.; 15 U.S.C. 1681c(g) ). The email dated April 27 of 2007 also leads the reader to believe that masking expiration dates does not apply nationally, stating that *"[w]here required by law*, Merchants must truncate Card numbers and mask Card expiration dates...." (Kodroff Affidavit ¶10.). Neither of these provides any fair basis to conclude that Stuart Weitzman was warned about FACTA.

### 4. No Reasonable Jury Could Find a Willful Violation of FACTA.

To survive this motion for summary judgment, Klimp must show she has enough evidence to convince a reasonable jury that Stuart Weitzman willfully violated the FACTA truncation requirement. *See e.g. Wang ex rel. United States v. FMC Corp.* 975 F.2d 1412 (9th Cir. 1992) (to

Stuart Weitzman's Motion for Summary Judgment - 12 - CASE NO. C 07-5076 CRB

avoid summary judgment, a plaintiff must establish evidence on which a reasonable jury could find for the plaintiff). She cannot. No jury could reasonably find that Stuart Weitzman was aware of the statute, let alone proceeded in reckless disregard of the statute and its draconian statutory penalties.

## IV.   SUMMARY OF THE ARGUMENT

The Supreme Court has established strict guidelines regarding the definition of a willful violation of the FCRA. *Safeco v. Burr*, 127 S. Ct. 2201; 167 L. Ed. 2d 1045 (2007). Stuart Weitzman's use of expiration dates on customer receipts was not a "willful" violation of FACTA. The evidence demonstrates that Stuart Weitzman did not know about the FACTA expiration date requirement and could not knowingly violate it. The evidence also shows that Stuart Weitzman did not act in reckless disregard of the law. In FACTA cases, where the plaintiff does not produce evidence sufficient to make a finding of willfulness, summary judgment is appropriate. *Najarian v. Charlotte Russe*, 2007 U.S. Dist. LEXIS 95606 (C.D.Cal. Aug. 16, 2007); *Howard v. Hooters*, 2008 U.S. Dist. LEXIS 30776 (S.D.Tex. Apr. 5, 2008).

## V.   CONCLUSION

Stuart Weitzman did not willfully violate the expiration date provisions of FACTA. Stuart Weitzman acted neither knowingly nor recklessly. Willful violation is a necessary element of this claim, and Klimp cannot make a factual showing sufficient to prove this necessary element of a FACTA claim. For all of the above reasons, the Court should grant Stuart Weitzman's summary judgment motion.

| | | |
|---|---|---|
| 1 | Dated: May 2, 2008 | Respectfully submitted, |
| 2 | | MCDERMOTT WILL & EMERY LLP |
| 4 | | By:   /s/ Charles M. Evans |
| 5 | |       Wilber H. Boies, P.C.<br>      Charles M. Evans |
| 6 | |       Daniel E. Alberti |
| 7-9 | | Attorneys for Defendant STUART WEITZMAN HOLDINGS, LLC (SUED AS STUART WEITZMAN RETAIL STORES, LLC, STUART WEITZMAN SAN FRANCISCO, LLC) |

McDermott Will & Emery LLP
Attorneys At Law
Chicago

Stuart Weitzman's Motion for Summary Judgment     - 14 -     CASE NO. C 07-5076 CRB

# PROOF OF SERVICE

I, Charles M. Evans, declare:

I am a resident of the State of Illinois and over the age of eighteen years. My business address is 227 West Monroe Street, Chicago, Illinois. On May 2, 2008, I served the within document:

**DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Chicago, Illinois addressed as set forth below.

☐ by causing personal delivery by _____ of the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express agent for overnight delivery.

☒ by electronically filing the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on May 2, 2008 at Chicago, Illinois.

                                                 s/ Charles M. Evans
                                                 Charles M. Evans

CHI99 4970557-2.070670.0013

Stuart Weitzman's Motion for Summary Judgment        - 15 -        CASE NO. C 07-5076 CRB